UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 4:19-cr-650 AGF |
| CONNOR BOWERS, | ) ) |
| Defendant. | ) ) |

### GUILTY PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

### 1. PARTIES:

The parties are the defendant CONNOR BOWERS, represented by defense counsel Dan Juengel, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is not a party to this agreement. However, if the Court accepts the plea agreement as to the sentence then the Court will be bound by the agreement pursuant to Rule 11(c)(1)(C).

### 2. GUILTY PLEA:

Pursuant to Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to Count One of the Superseding Criminal Information, the United States agrees that no further federal prosecution will be brought in this district relative to the Defendant's violations of federal law, arising out of the events set forth the Information of which the Government is aware at this time.

1

In addition, pursuant to Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, the parties agree that the defendant's sentence should be fifteen (15) months, a fine of $500 and that no restitution is due in this case. If the court informs the parties prior to sentencing that it will reject this agreement or sentences defendant to a sentence not in conformity with this agreement, then either party may withdraw from the plea agreement and the defendant will have an opportunity to withdraw his guilty plea pursuant to Rule 11(c)(5). The parties further agree that neither party shall request a sentence above or below the sentencing agreement in this paragraph pursuant to any chapter of the Guidelines, Title 18, United States Code, Section 3553, or any other provision or rule of law not addressed herein.

## 3. ELEMENTS:

As to Count One, the defendant admits to knowingly violating Title 18, United States Code, Section 1462, and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

*One*: the defendant knowingly used an interactive computer service (as defined in section 230(e)(2) of the Communications Act of 1934, 47 U.S.C. § 230(f)(2)); for carriage in interstate commerce of electronic pictures;

*Two*: the defendant knew the character or nature of the electronic pictures; and

*Three*: the electronic pictures were obscene.

## 4. FACTS:

The parties agree that the facts in this case are as follows and that the government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

On December 6, 2018, Saint Louis County officers responded to an online advertisement for commercial sex. This led investigators to female #1. During the exchange with female #1,

officers were able to identify her and were provided a room number at the Red Roof Inn in the city of Saint Louis to arrive for commercial sex. Once officers arrived at the Red Roof Inn, officers observed the defendant, Connor Bowers, loitering near the hotel room occupied by female #1. Once Bowers observed the officers, he walked away, entered a gold Cadillac with a Nevada license plate, and exited the parking lot.

Female #1 advised officers that she resided in Oregon City, Oregon. She met Bowers in Oregon although he resides in Nevada. Female #1 stated that Bowers showed her how to post advertisements on the internet for commercial sex. Female #1 stated that she was making approximately $4,000 performing sex acts for money.

Female #1 advised officers that she and Bowers began traveling in November 2018 and originally flew from Oregon to Denver, Colorado. In Denver, Bowers picked up his vehicle, a gold Cadillac CTS, from a friend that was borrowing his vehicle. From there, Bowers drove her to various states and then Saint Louis where she was engaging in commercial sex acts.

The obscene online advertisement for commercial sex that led investigators to Female #1 was placed on an interactive computer service, i.e. Backpages.com. It contained electronic pictures of Female #1 in states of partial undress and in sexualized poses. The pictures lack any artistic value and were uploaded to Backpages.com for the purpose of soliciting individuals for sexual activity. The pictures text directly solicit prostitution. Bowers uploaded the electronic pictures to Backpages.com and wrote the text that accompanied the pictures for the purpose of assisting Female #1's involvement in prostitution. Investigators found that the online posts had been made by email accounts attributable to Bowers.

## 5. **STATUTORY PENALTIES:**

The defendant fully understands that the maximum possible penalty provided by law for the crime to which the defendant is pleading guilty is imprisonment of up to five (5) years, a fine

3

of not more than $250,000, or both such imprisonment and fine. The Court may also impose a period of supervised release of not more than one year.

**6. U.S. SENTENCING GUIDELINES: 2018 MANUAL:**

The defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the applicable U.S. Sentencing Guidelines Total Offense Level provisions.

**a. Chapter 2 Offense Conduct:**

**(1) Base Offense Level:** The parties agree that the base offense level is 10 as found in Section 2G3.1(a).

**(2) Specific Offense Characteristics:** The parties agree that the following Specific Offense Characteristics apply:

(a)   two (2) levels should be added pursuant to Section 2G3.1(b)(1)(F) because the defendant knowingly engaged in distribution of the pictures,

(b)   two (2) levels should be added pursuant to Section 2G3.1(b)(3) because the offense involved the use of an interactive computer service.

**b. Chapter 3 Adjustments:**

**(1) Acceptance of Responsibility:** The parties agree that two levels should be deducted pursuant to Section 3E1.1(a) because the defendant has clearly demonstrated acceptance of responsibility. The parties agree that the defendant's eligibility for this deduction is based upon information presently known. If subsequent to the taking of the guilty plea the government receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the government may present said evidence to the

4

court, and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

**c. Estimated Total Offense Level:** The parties estimate that the Total Offense Level is twelve (12).

**d. Criminal History:** The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category. The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

**e. Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

## 7. WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:

**a. Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

**(1) Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery, the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s).

**(2) Sentencing Issues:** In the event the Court accepts the plea, accepts the U.S. Sentencing Guidelines Total Offense Level agreed to herein, and, after determining a Sentencing

Guidelines range, sentences the defendant within or below that range, then, as part of this agreement, the defendant hereby waives all rights to appeal all sentencing issues other than Criminal History, but only if it affects the Base Offense Level or Criminal History Category. Similarly, the Government hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea, the agreed Total Offense Level and sentences the defendant within or above that range.

**b. Habeas Corpus:** The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

**c. Right to Records:** The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8. OTHER:**

**a. Disclosures Required by the United States Probation Office:** The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the government.

**b. Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

c. **Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed. Some of these special conditions may include that defendant does not possess a computer or internet access, that defendant does not have contact with minors without the authorization of the Probation Officer, and that defendant does not maintain a post office box.

These and any other special conditions imposed by the Court will be restrictions with which defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished. If, while on supervised release for this case, the defendant commits a new criminal offense under Chapters 109A, 110 or 117, or Title 18, United States Code, Sections 1201 or 1591, for which imprisonment for a term longer than one year can be imposed, the defendant shall be sentenced on the supervised release revocation to not less than five years and up to the maximum term of life imprisonment.

d. **Mandatory Special Assessment:** Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $100, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

e. **Possibility of Detention:** The defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

f. **Fines, Restitution and Costs of Incarceration and Supervision:** The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and

7

costs of supervision. The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately. Pursuant to Title 18, United States Code, Section 3663A, an order of restitution is mandatory for all crimes listed in Section 3663A(c). Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Section 3663A(b) and the amount of loss agreed to by the parties, including all relevant conduct loss. The defendant agrees to provide full restitution to all victims of all charges in the indictment. **The parties have entered an agreement regarding a fine and restitution noted in paragraph 2.**

    g. **Forfeiture:** The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States.

## 9. ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:

In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the Government to prove the elements of the offenses charged against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

Defendant knowingly and voluntary waives any rights and defenses defendant may have under the Excessive Fines Clause of the Eight Amendment to the United States Constitution to the forfeiture of property in this proceeding or any related civil proceeding, special or other assessment, and any order of restitution.

If the defendant is not a U.S. citizen, the guilty plea could impact defendant's immigration status or result in deportation. If any crime to which defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory. Defense counsel has advised the defendant of the possible immigration consequences, including deportation, resulting from the plea.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the Government's evidence and discussed the Government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the Government's case and any defenses.

## 10. VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:

This document constitutes the entire agreement between the defendant and the government, and no other promises or inducements have been made, directly or indirectly, by any agent of the

9

government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

## 11. CONSEQUENCES OF POST-PLEA MISCONDUCT:

After pleading guilty and before sentencing, if defendant commits any crime, other than minor traffic offenses, violates any condition of release that results in revocation, violates any term of this guilty plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

## 12. NO RIGHT TO WITHDRAW GUILTY PLEA:

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the government agrees to dismiss or not to bring and per the provisions of paragraph 2 of this agreement.

10/13/2020
Date

_____
DIANNA R. COLLINS
Assistant United States Attorney

09/25/2020
Date

_____
CONNOR BOWERS
Defendant

9/29/20
Date

_____
DANIEL A. JUENGEL
Attorney for Defendant

11